### CINCINNATI V. SHOEMAKER.

ASSESSMENT LEVIED UNDER VOID STATUTE WILL NOT BE ENJOINED, WHEN.

A municipal corporation has a fundamental right to make street improvements and to assess the cost thereof equitably on the abutting property, and the fact that a court has held invalid a rule given in Sec. 2264b Rev. Stat. for estimating the amount of such an assessment is not sufficient to move that court to intervene by injunction, so long as the benefits conferred are equal to the assessment.

A suit in the court of insolvency was filed by the defendant in error to enjoin the collection of an assessment for a street improvement, levied under the provisions of Sec. 2264b Rev. Stat. The city demurred to the petition, and the demurrer was overruled. The circuit court sustained the action below in an unreported decision, the holding being that Sec. 2264b Rev. Stat. is unconstitutional, and the assessment should be enjoined, and a reassessment permitted under Sec. 2264 Rev. Stat. The case being remanded for further proceedings, the city filed an answer containing the following allegations:

"The defendant says that the assessment levied, as described in the petition, is in proportion to the special benefits conferred, by the improvement of Mercer street, on said property of the plaintiffs, and on each abutting foot thereof, upon which said assessment was made; that said assessment levied upon said property, and each abutting foot thereof, are not in excess of the special benefits conferred upon said property and each abutting foot thereof; that said special benefits do in fact, as to said property and each abutting foot thereof, fully equal the assessments levied thereon, and as to each parcel of land and each abutting foot thereof, upon which the assessments for said Mercer street were levied, the assessments are in proportion to the special benefits conferred thereon by said improvement of said street."

To this answer the abutting property owners demurred; the demurrer was sustained, and the case was again taken to the circuit court.

**Albert H. Morrill,** for the city:

With the facts thus admitted the case falls within Schroder v. Over-

man, 61 Ohio St. 1 [55 N. E. Rep. 158; 47 L. R. A. 156]. This authority is of special force, since it is of the date when Norwood (Vil.) v. Baker, 172 U. S. 269 [19 Sup. Ct. Rep. 187], was supposed to have invalidated front foot assessments.

The rules of assessment are subject to Sec. 2283 Rev. Stat., requiring that "regard must be had in making special assessments to the probable benefits to the property assessed." Walsh v. Barron, 61 Ohio St. 15 [55 N. E. Rep. 164].

Inasmuch as the property in this case would have been assessed for the same amount under the rule of benefits, the abutting owners are not prejudiced. Voght v. Buffalo, 133 N. Y. 463 [31 N. E. Rep. 340].

A court of equity will not concede to these abutting owners any greater exemption than in a case brought by a contractor for the collection of a defective assessment, where, under Secs. 2289 and 2327 Rev. Stat., judgment would be rendered for the amount properly chargeable. Walsh v. Sims, 65 Ohio St. 211 [62 N. E. Rep. 120].

**Chas. B. Wilby** and **Chas. E. Tenney,** for the property owners:

Inasmuch as the assessment under the decision of the court is as a nullity, the case stands as if no assessment had been made by any board, and the city, through its auditor, were trying to collect money from the plaintiffs in the entire absence of any proceedings for the levying of an assessment.

Under Sec. 5848 Rev. Stat. the plaintiff need not make out a case in every element in order to be entitled to equitable relief (Tone v. Columbus, 39 Ohio St. 281), but it is sufficient to show the assessment is illegal; and the assessment being void, and not merely tainted with irregularity, which is curable under the provisions of Sec. 2289 Rev. Stat., providing for the disregard of any technical irregularity or defect, and not falling under Secs. 2289a and 2289c Rev. Stat., which provide that assessments shall not be enjoined for certain defects or procedure described therein, it should be set aside, and the city forbidden to collect for the improvement until the proper board shall have made a proper law.

**JELKE, J.**

The former holding of this court that Sec. 2264b Rev. Stat. is invalid has nothing to do with the city's fundamental right to make the improvement and assets the cost thereof equitably on the abutting property. It merely held invalid a rule for estimating the amount of the assessment different in Cincinnati, Toledo and Springfield from all the other municipalities in the state. If the benefits conferred are equal to the assessment, there is nothing to move a court of equity to intervene by injunction.

Hence the answer of the city in this case sets up a good reason and defense why an injunction should not be allowed.

This we believe to be in accord with the principles underlying Schroder v. Overman, 61 Ohio St. 1 [55 N. E. Rep. 158; 47 L. R. A. 156], and Walsh v. Sims, 65 Ohio St. 211 [62 N. E. Rep. 120].

Judgment reversed.